Submitted on record and briefs December 11, 1991, conviction affirmed and remanded for resentencing February 26, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## DEMETRIO TOMAS SARABIA-RENDON,
*Appellant.*

(90-C-20918; CA A67525)

826 P2d 124

Sally L. Avera, Public Defender, and Irene B. Taylor, Deputy Public Defender, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of robbery in the first degree. ORS 164.415. As allowed by OAR 253-09-001(1), the trial court did not sentence defendant under the sentencing guidelines, but instead sentenced him to the statutorily mandated five-year "gun minimum." ORS 161.610(4). It purported to suspend 24 months of the sentence after finding mitigating circumstances.

ORS 161.610(5) provides:

"If it is the first time that the defendant is subject to punishment under this section, the court may suspend the execution of the sentence otherwise required under paragraph (a) of subsection (4) of this section, or impose a lesser term of imprisonment, when the court expressly finds mitigating circumstances justifying such lesser sentence and sets forth those circumstances in its statement on sentencing."

The state concedes that the trial court erred. It notes that the specific language of ORS 161.610(5) allows the sentencing court *either* to suspend execution of the five-year minimum sentence *or* to impose a lesser term of imprisonment; it does *not* allow imposition of the full sentence with suspension of part. We agree with that interpretation.[1]

Conviction affirmed; remanded for resentencing.

---

[1] At resentencing, the trial court should consider OAR 253-09-001(1):

"If a mandatory prison sentence is required or authorized by statute, the sentence imposed shall be that determinate sentence or the sentence under these rules whichever is longer."

That provision appears to preclude any option under which the term of imprisonment is less than the term that a defendant would receive under the guidelines.